UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:16-cr-00078-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELI TRAUFIELD,

    Defendant.

---

### ORDER ON MOTION FOR COMPASSIONATE RELEASE (3)

---

    After considering the motion, response and replies, the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the Court now denies the motion for the following reasons:

    1. The Court has twice before denied Mr. Traufield's motions for a compassionate release. *See* order of July 6, 2020, ECF No. 109 (denying his motion filed on May 26, 2020), and October 5, 2020), ECF No. 116 (denying his motion filed on July 28, 2020). The Court agrees with the government that Mr. Traufield has not provided new or additional grounds for release other than the passage of time since his last request. The government does acknowledge that Mr. Traufield has exhausted his administrative remedies.

    2. Mr. Traufield is a 48-year old obese man who suffers from tuberculosis, hypertension, and other conditions. Repeated testing has shown that the tuberculosis is inactive and no longer requires treatment. He is incarcerated in a facility that is both a Care Level Three (long-term medical care to low and medium inmates) and a Care Level One (routine care) facility. Mr.

Traufield requires only routine care. It does not appear that there has been any material change in his health since his most recent request.

    3. Although Mr. Traufield is in a higher risk category if he should contract COVID-19, the BOP has instituted substantial measures to protect inmates and staff from the coronavirus, including at FCI Terminal Island in San Pedro, California. Apparently, the measures have been successful. He has been tested multiple times, and there is no evidence in the records that he has contracted the disease. The government states that he was offered vaccination but refused it. He claims he was not eligible for it. The records support the governments position. That is his right, but it tends to reduce the force of his claim that he fears contracting COVID in the facility.

    4. In several supplements Mr. Traufield states that conditions are deteriorating because of the Delta variant, and he points to examples of inmates who have been infected. The Court is aware that the Delta variant is quite concerning, but I find no <u>evidence</u> that it is being ignored, or that the inmates are not being protected as well as possible, in his facility. Essentially Mr. Traufield's argument amounts to a claim that the Court should grant compassionate release to all inmates at the facility who have a high-risk medical condition, regardless of other factors. That is not consistent with 18 U.S.C. § 3553(a) or 18 U.S.C. § 3582(c)(1)(A).

    5. Mr. Traufield was sentenced to 108 months for Possession of Child Pornography which was a sentence at the bottom of the recommended Guideline range. By the Court's calculation he has served approximately 1670 days, which would be approximately 52% of the sentence imposed by the Court.

    6. In its most recent order the Court noted that would consider a future motion. That remains true in this case, just as it is true in every case. However, the Court does not find that

Mr. Traufield has provided evidence of an extraordinary and compelling reason for a reduction or release at this time, whether on medical grounds or otherwise.

## ORDER

Defendant's motion, ECF No. 117, is DENIED.

Dated: September 21, 2021.

By the Court

_____

R. Brooke Jackson
U.S. District Court Judge